Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7096 | **DATE** | 11/1/2001 |
| **CASE TITLE** | USA ex rel. Alonzo Smith vs. Jerry Sternes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. Because petitioner's habeas petition was filed within the one-year limitation under §2244(d) of the AEDPA, respondent's motion to dismiss is denied. Respondent shall file an answer to the petition on or before 12/3/01 and petitioner shall reply thereto by 1/3/02. The court will rule on the petition by mail.

(11) ☑ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 0 2 2001 date docketed | |
| | Notified counsel by telephone. | | | 23 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 11/1/2001 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | NOV -1 PM 4:29 | JD mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel.<br>ALONZO SMITH, | ) ) ) | |
| Petitioner, | ) ) | |
| | ) | No. 00 C 7096 |
| v. | ) ) | Judge Robert W. Gettleman |
| JERRY STERNES, | ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Alonzo Smith has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Respondent has filed a motion to dismiss the petition as time-barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), 28 U.S.C. §2244(d). For the reasons explained below, respondent's motion is denied.

## DISCUSSION

Petitioner was convicted of murder, home invasion and armed robbery on July 12, 1984. Thereafter, petitioner was sentenced to concurrent terms of 40 years for murder and 20 years each for home invasion and armed robbery. Petitioner appealed his conviction and sentence, but both were affirmed by the Illinois Appellate Court on May 6, 1986. See People v. Smith, No. 1-84-1713 (Ill. App. Ct. 1st Dist. 1986). Petitioner then sought leave to appeal to the Illinois Supreme Court, but his request was denied on October 2, 1986. See People v. Smith, 112 Ill. 2d 590 (Ill. 1986). Following that date, petitioner had ninety days in which to file a petition for writ of certiorari in the United States Supreme Court. Thus, petitioner's direct review of his conviction

and sentence became final on December 31, 1986 (ninety days after October 2, 1986). See Boggan v. Chrans, 2000 U.S. Dist. LEXIS 17935, *6, 2000 WL 1810035, *2 (N.D. Ill. Dec. 6, 2000) (adding the ninety-day period in which the petitioner could have sought certiorari from the Supreme Court to the conclusion of his direct review period); United States ex rel. Williams v. DeTella, 37 F. Supp. 2d 1048, 1048 (N.D. Ill. 1998) (same); United States ex rel. Gonzalez v. DeTella, 6 F. Supp. 2d 780, 781-82 (N.D. Ill. 1998) (same), rev'd on other grounds, 202 F.3d 273 (7th Cir. 1999).

Under §2244(d) of the AEDPA, petitioner had one year from the date on which the judgment against him became final by the conclusion of direct review, or the expiration of time for seeking such review, in which to file the instant petition. Although petitioner filed his state post-conviction petition in 1987, his one-year clock did not begin ticking until April 24, 1996, the day that the AEDPA was enacted. Gendron v. United States, 154 F.3d 672, 675 (7th Cir. 1998). Also, petitioner's one-year clock stalled while his "properly filed" application for State post-conviction review was "pending." AEDPA §2244(d)(2).

The parties do not dispute that petitioners' Petition for Leave to Appeal to the Illinois Supreme Court was, in fact, "properly filed" as that term is defined by §2244(d)(2) of the AEDPA. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (explaining that an application for state post-conviction review is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings"); Freeman v. Page, 208 F.3d 572, 576 (7th Cir. 2000) ("Whether a collateral attack is 'properly filed' can be determined in a straightforward way by looking at how the state courts treated it. If they considered the claim on the merits, it was properly filed; if they dismissed it for procedural flaws such as untimeliness, then it was not

2

properly filed."). The parties also do not dispute that petitioner's petition was, in fact, still "pending" on October 6, 1999, the day the Illinois Supreme Court denied petitioner's motion for leave to appeal. See People v. Smith, 720 N.E.2d 1103 (Ill. 1999). The parties disagree, however, about whether the petition was still "pending" after that date. Respondent claims it was not, but petitioner argues that because he filed a Motion for Leave to File a Motion for Reconsideration ("motion for reconsideration") in the Illinois Supreme Court on October 19, 1999, his petition remained "pending" until that motion was denied on November 12, 1999.

Respondent cites Gendron, 154 F.3d at 675, for the proposition that petitioner's petition was "pending" only until the Illinois Supreme Court denied his motion for leave to appeal. But the petitioner in Gendron did not file a motion for reconsideration with the Illinois Supreme Court like petitioner in the instant case. See id. Thus, Gendron is inapposite.

Respondent also argues that petitioner's motion for reconsideration should not count toward the time during which his post-conviction petition was pending under §2244(d) of the AEDPA because "[t]here is no provision in Illinois Supreme Court Rule 315 for filing such a motion."[1] Respondent is correct, but the court finds the content of Rule 315 to be of no significance to the question at hand because it does not preclude a motion for reconsideration. Indeed, petitioner has demonstrated that the Illinois Supreme Court not only entertains, but also on a number of occasions has granted, motions for reconsideration identical to the one he filed in the instant case. See e.g. Happel v. Wal-Mart Stores, 743 N.E. 2d 1007 (Ill. 2001) (declaring the

---

[1] Rule 315 governs appeals from Illinois appellate courts to the Illinois Supreme Court, specifically addressing all of the following aspects of a petition for leave to appeal: the appropriate grounds that may be raised therein; the allowable timing and contents of a petition; the format, service and filing of a petition; the filing of the lower court record or abstract; and other relating to the briefs filed by the parties and oral argument.

3

motions by petitioner "for leave to file a motion for reconsideration of the order denying petition for leave to appeal" and also for "reconsideration" to be "allowed," vacating the order denying the petition, and allowing the petition for leave to appeal); Phillips & Assoc. v. Brown, 737 N.E. 2d 1074 (Ill. 2001) (same); People ex rel. James Ryan, Attorney General of Illinois v. Telemarketing Assoc., Inc., 737 N.E. 2d 1074 (Ill. 2000) (same); People v. Green, 737 N.E. 1074 (Ill. 2000) (same). Thus, respondent's second argument likewise fails to support its argument for dismissal of the instant petition.

Finally, respondent argues that the question at issue in this case, whether petitioner's motion to reconsider tolled the one-year limitation period set forth in §2244(d) of the AEDPA, "has been decided by the Seventh Circuit in Tinker v. Hanks, 172 F.3d 990 (7th Cir. 1999), where the court held that the limitations period is not tolled during the time following a petitioner's filing of a motion for leave to file a post-conviction application." In actuality, however, Tinker is no more supportive of respondent's argument than Gendron. In Tinker, the Seventh Circuit held that an application for permission to file a second state post-conviction *proceeding* is not a "properly filed application" under §2244(d)(2) of the AEDPA. Tinker differs from the instant case because petitioner's motion for reconsideration was not an application to begin a second post-conviction *proceeding*; petitioner's motion simply sought to continue review of his current post-conviction proceeding, which had been initiated by a properly filed petition that, the parties agree, was indeed "pending" under §2244(d)(2) until at least October 6, 1999.

Based on all of the above, the court finds no basis for concluding that petitioner's otherwise "pending" petition somehow stopped pending simply because he sought leave to ask the Illinois Supreme Court to reconsider its decision denying his petition. Thus, the court finds

4

that petitioner's post-conviction petition was "pending" before the Illinois Supreme Court under §2244(d)(2) of the AEDPA through November 12, 1999.

CONCLUSION

Because petitioner's habeas petition was filed within the one-year limitation under §2244(d) of the AEDPA, respondent's motion to dismiss is denied. Respondent shall file an answer to the petition on or before December 3, 2001 and petitioner shall reply thereto by January 3, 2002. The court will rule on the petition by mail thereafter.

ENTER: November 1, 2001

Robert W. Gettleman
United States District Judge